NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2015
Decided February 11, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2742

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-10093-001 |
| TARUS A. MOORE, *Defendant-Appellant*. | James E. Shadid, *Chief Judge*. |

**O R D E R**

After observing Tarus Moore sell crack cocaine to an informant on several occasions, police officers executed a warrant to search his apartment and car, finding more than 170 grams of crack. Moore pleaded guilty to an indictment alleging that he possessed at least 28 grams of crack with intent to distribute. *See* 21 U.S.C. § 841(a)(1). Given his prior convictions for felony drug offenses, this amount of the drug subjected him to a statutory minimum of 10 years' imprisonment. *See id.* §§ 841(b)(1)(B)(iii), 851. As a career offender (he also has felony convictions for battery and strangulation), his guidelines imprisonment range was 262 to 327 months.

The government advocated a sentence within the guidelines range. Moore's lawyer requested the statutory minimum, mainly on the ground that applying the career-offender guideline, *see* U.S.S.G. § 4B1.1, overstated Moore's criminal history. The defense also submitted letters from Moore's family and friends urging leniency. During allocution Moore expressed remorse and asserted that he sold drugs out of desperation. He explained that he is going blind because of sickle-cell anemia and lacked means of paying for surgery that would have enabled him to retain some vision in his left eye. Moore vowed never again to return to "this lifestyle." The district judge did not believe Moore's story that he was selling drugs to pay for medical treatment but agreed with defense counsel that sentencing Moore as a career offender would overstate his past crimes. The judge imposed a below-range sentence of 168 months and an 8-year term of supervised release.

Moore filed a notice of appeal, but his appointed lawyer (who also represented Moore in the district court) asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Moore opposes the motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues which an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses plus the additional arguments in Moore's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel informs us that Moore does not wish to challenge his guilty plea, and Moore does not dispute this assertion. Thus, we need not discuss the plea colloquy or the voluntariness of the guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Moore could question the reasonableness of his prison sentence but concludes that an appellate claim would be frivolous because the district judge correctly calculated the guidelines range, considered all of Moore's evidence and arguments in mitigation, and imposed a below-guidelines sentence. In his Rule 51(b) response, Moore counters that he should have received a 10-year sentence because of his worsening health, particularly his failing eyesight. He also maintains that at sentencing counsel should have argued this point more forcefully. We understand Moore to be repeating the argument he made to the district court: that he should have received a lower sentence because he was selling drugs in desperation to save his

eyesight. But Moore's below-guidelines sentence is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Banas*, 712 F.3d 1006, 1011–12 (7th Cir. 2013); *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012). And we see nothing rebutting that presumption here. The district judge considered but rejected this contention as false, and we would not disturb the judge's credibility finding on appeal. *See United States v. Harper*, 766 F.3d 741, 744 (7th Cir. 2014); *United States v. Etchin*, 614 F.3d 726, 738 (7th Cir. 2010). Thus, we agree with counsel that an appellate claim about the length of Moore's sentence would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.